FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

CLERK. U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

| | |
|---|---|
| KATHY DOUGHERTY-FENN ) | 8:08-cv-01131-T-30TGW |
| ) | |
| Plaintiff, ) | Judge: |
| ) | |
| ) | Magistrate Judge: |
| v. ) | |
| ) | Jury Trial Demanded |
| RAYMOND JAMES AND ASSOCIATES, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiff Kathy Dougherty-Fenn ("Fenn" or "Plaintiff") hereby files this

complaint of gender discrimination against Defendant Raymond James and Associates

("RJA" or "Defendant"), and states as follows:

## JURISDICTION

1.    Jurisdiction is based on 28 U.S.C. §1331 and §1343.

## PARTIES

2.    Plaintiff Kathy Dougherty-Fenn is a current employee of Defendant in its

St. Petersburg, Florida offices. Plaintiff resides in this judicial district and is employed

by Defendant in this district. Plaintiff has exhausted her administrative remedies with

Equal Employment Opportunity Commission ("EEOC"), and has received a Notice of

Right to Sue.

3.    Defendant RJA, headquartered in St. Petersburg, Florida, is known as "one

of the nation's premier, full-service investment firms," and employs nearly 5,000



FILED

financial advisors in 2,200 locations nationwide. These financial advisors provide

financial services and financial products throughout the United States, Canada

CLERK U.S. DISTRICT COURT
TAMPA, FLORIDA

and overseas.[2] Defendant is a wholly-owned subsidiary of its parent company, Raymond

James Financial, Inc. ("Raymond James"), also located in St. Petersburg, Florida.

4.      Defendant shares many resources with its parent company Raymond

James, including its Human Resources functions, which is headed by Director Courtland

James, son of Raymond James' chairman and CEO Thomas James.

### FACTUAL ALLEGATIONS

5.      Plaintiff filed a Charge of Discrimination with the Equal Employment

Opportunity Commission (attached hereto as Exhibit A). Plaintiff incorporates her

EEOC charge as if set forth fully herein.

6.      Plaintiff began her employment with RJA on or about September 14, 1998

as a Mutual Funds Liaison. From about March 2000 to the present, Plaintiff has been

employed as an Information Specialist in the client services division.

**RJA Promoted Similarly Situated Men Over Plaintiff Because of Her Gender**

7.      During her tenure, two of Plaintiff's similarly situated male colleagues

were promoted while she was on maternity leave to positions for which she had

previously applied. Plaintiff was qualified for the positions, but was not recommended or

even considered, despite the fact that her supervisor, Patti Zuck ("Zuck") knew of

Plaintiff's interest and qualifications for the positions.

8.      In her male colleagues' departures to their new positions, they each left

positions open which would have both been promotions for Plaintiff. One was as an

---

[1] http://www.raymondjames.com/rja/index.htm
[2] *See id.*

2

FILED

assistant supervisor of her department in the client services division. The other was a position in investor access. Plaintiff was again passed over by two similarly situated males. Antonio Witherspoon ("Witherspoon ") was placed in the assistant supervisor position, while Paul Martin ("Martin") filled the investor access position. Prior to their promotions, both men held the same position as Plaintiff, but both men had shorter tenures and less experience than Plaintiff. In fact, Witherspoon was Plaintiff's trainee prior to his promotion to assistant supervisor. Plaintiff continued to train Witherspoon, even after his promotion, as he was unprepared for the promotion that he had been given and had difficulty operating in a supervisory position.

9.     At this same time, Plaintiff learned that, in addition to being passed over for a promotion, she was making significantly lower wages than Martin, even though they held the same position, and even though he was hired after she was. When Plaintiff inquired as to why she was being continually passed over for promotions and paid substantially less than Martin, Zuck told Plaintiff that it was because she was "out a lot," or words to that effect. In fact, Plaintiff had recently been out on leave under the Family and Medical Leave Act ("FMLA"), both because she had recently given birth, and also because she had experienced a difficult pregnancy and had been placed on bed rest prior to giving birth. Zuck never indicated that Plaintiff was not qualified for the promotions for which she was passed over, and thus indicated to Plaintiff through her response that she was punishing Plaintiff for being out on FMLA leave.

FILED

<u>RJA Culture is Hostile to Women</u>
08 JUN 10 PM 4:46

CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

10.    Plaintiff's floor has a communal refrigerator in which many of the staff stored their lunches and other perishable items. Plaintiff had previously complained to management that her lunch had been stolen from the refrigerator.

11.    Soon after lodging her complaint, Plaintiff retrieved her lunch from the refrigerator. To her shock and dismay, she noticed what appeared to be pubic hair on the sandwich when she opened it to put dressing on the bread.

12.    Disgusted and mortified, Plaintiff alerted Zuck, who, rather than share Plaintiff's disgust, failed to remedy the situation. Zuck told Plaintiff to throw the sandwich away, and even suggested that the pubic hair had come from somewhere in Plaintiff's home when she was making her lunch.

13.    Disappointed by Zuck's inaction on her behalf, Plaintiff contacted Raymond James security, which, on information and belief, failed to investigate or remedy her complaint.

14.    In addition to the above, Plaintiff experienced further discriminatory treatment. Robert Barlow ("Barlow"), one of Plaintiff's coworkers, occupies the desk most adjacent to hers, where he continually makes profane and overtly sexual comments at a volume loud enough for Plaintiff to hear. Additionally, Barlow frequently makes these comments in front of Zuck, who fails to reprimand him in any fashion for his behavior. Further, Zuck fails to curtail Barlow's behavior in the face complaints about it, including those made by Plaintiff.

15.    On or about October 2007, Barlow made a particularly lewd comment while assisting Plaintiff and her coworkers decorate the office for Halloween. In

4

FILED

Plaintiff's department, employees are allowed to bring their children into the office for a Halloween celebration, and employees dress up in costume and decorate the office. On this particular occasion, a pirate ship theme had been chosen. While they were decorating, someone asked whether anyone was going to dress up as the captain of the ship, to which Barlow responded "I'll be the Master-Bation!" Once again, Zuck was present for the comment, but failed to reprimand Barlow in any way.

16.     Shortly after the comment was made, Plaintiff informed Zuck that she found Barlow's comments bothersome and offensive. Zuck rolled her eyes at Plaintiff, and failed to address Plaintiff's complaints.

**Plaintiff Complained of Unlawful Treatment and Suffered Retaliation**

17.     The same evening as Barlow's masturbation comment, Plaintiff called the Human Resources tip line and left a message regarding Barlow's behavior and comments. She also disclosed that Zuck was present and took no action regarding Plaintiff's complaints.

18.     Rather than initiate an investigation regarding Plaintiff's complaints, Human Resources informed Plaintiff that she was being placed on probation, and informed her that management had the discretion to fire her at any time.

19.     The reasons cited for Plaintiff's probation were that she was excessively tardy, and that she had falsified her timesheet. Not only were both of these accusations false, but Plaintiff had never been notified of any issues with her attendance, timeliness, or issues with her timesheet prior to being placed on probation.

20.     Additionally, Plaintiff's attendance was generally only affected by leave under FMLA; once due to pregnancy and maternity leave. Additionally, Plaintiff suffers

5

FILED

from diverticulitis, a relatively severe digestive and intestinal disease that periodically

08 JUN 10  PM 4: 48

requires her to stay home from work and qualifies for "intermittent" FMLA leave.

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

**Plaintiff Was Denied Equal Wages**

21.     During her tenure, Plaintiff was paid wages lower than those paid to

similarly situated male counterparts. Plaintiff was paid a lower salary than male

employees in substantially equal jobs, even though Plaintiff performed similar duties

requiring the same skill, effort, and responsibility of male employees.

22.     The differential in pay between men and women was not pursuant to

seniority, merit, quantity or quality of production, but was due to sex. RJA intentionally

paid Plaintiff less than it paid male employees who were performing substantially equal

work.

23.     For example, Plaintiff learned that Martin's starting salary at RJA was two

pay grades higher than Plaintiff's. When Plaintiff complained to Zuck about the pay

disparity, Zuck never denied that Martin was being compensated at a higher rate for the

same work. Indeed, Zuck failed to give Plaintiff a satisfactory explanation as to why

Martin was compensated at a higher salary for performing the same work.

**Plaintiff was Injured as a Consequence of Defendants' Unlawful Conduct**

24.     Plaintiff lost wages and other benefits, suffered embarrassment and

humiliation, and her career was irreparably injured as a result of RJA's conduct. Plaintiff

suffered loss of enjoyment of life, inconvenience and other non-pecuniary losses as a

direct result of RJA's conduct.

6

FILED

25.     RJA's actions have caused and continue to cause Plaintiff substantial

losses in earnings, raises, bonuses, commissions and other employment benefits, in an

amount to be determined by a jury.

**RJA was Aware of the Conduct of its Employees and Failed to Prevent Sex
Discrimination and Retaliation**

26.     RJA's management directed, encouraged and participated in the above-

described unlawful conduct. Further, RJA allowed the discrimination and retaliation to

go unremedied for so long that it amounts to a policy or practice and constitutes RJA's

standard operating procedure. Finally, RJA's Human Resources Department failed to

take appropriate remedial action and, in effect, aided and abetted in the unlawful conduct.

## COUNT I

### GENDER DISCRIMINATION IN VIOLATION OF TITLE VII

27.     Plaintiff realleges paragraphs 1 through 26 and incorporates them by

reference as paragraphs 1 through 26 of Count I of this Complaint.

28.     Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e *et seq.*,

as amended by the Civil Rights Act of 1991 makes it unlawful to discriminate against any

individual by denying the individual employment opportunities with respect to the terms,

conditions, or privileges of employment on the basis of gender.

29.     Plaintiff brings this claim both under a disparate impact and differential

treatment theory of liability.

30.     By its conduct alleged herein, Defendant engaged in unlawful employment

practices under Title VII.

31.     As a direct and proximate result of RJA unlawful conduct, Plaintiffs

suffered damages.

FILED

COUNT II
08 JUN 10  PM 4: 49

## RETALIATION IN VIOLATION OF TITLE VII
CLERK, US DISTRICT OF FLORIDA
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

32.     Plaintiff realleges paragraphs 1 to 31 and incorporates them by reference as paragraphs 1 to 31 of Count II of this Complaint.

33.     Title VII, specifically 42 U.S.C. 2000e-3, makes it unlawful for an employer to discriminate against an employee who has opposed an unlawful employment practice or has assisted or participated in another employee's claim of discrimination.

34.     Plaintiff complained of sex discrimination.

35.     By its conduct alleged here, RJA unlawfully retaliated against Plaintiff for her complaints in violation of the anti-retaliation provisions of Title VII.

36.     The unlawful employment practices alleged herein were intentional and were performed by RJA with malice or reckless indifference to RJA's obligations under Title VII.

37.     As a direct and proximate result of RJA's unlawful actions, Plaintiff has sustained injuries and damages including, but not limited to, loss of earnings and earning capacity; loss of career opportunities; humiliation and embarrassment; mental and emotional distress; and loss of the ordinary pleasures of everyday life.

38.     RJA has allowed the unlawful conduct alleged herein to exist and to go unremedied for so long that it amounts to a policy or practice, and constitutes RJA's standard operating procedure.

39.     As a direct and proximate result of RJA's unlawful actions, Plaintiff has sustained injuries and damages including, but not limited to, loss of earnings and earning

# FILED

capacity; loss of career opportunities; humiliation and embarrassment; mental and

08 JUN 10  PM 4: 46

emotional distress; and loss of the ordinary pleasures of everyday life.

CLERK. U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

COUNT III

## VIOLATION OF THE EQUAL PAY ACT

40.    Plaintiff realleges paragraphs 1 through 39 and incorporate them by

reference as paragraphs 1 through 39 of Count III of this Complaint.

41.    The Equal Pay Act of the Fair Labor Standards Act, 29 U.S.C. Section 206

and 207, makes it unlawful for an employer on the basis of sex to pay lower wages or

fringe benefits to employees of one sex than it does to similarly situated employees of the

other sex.

42.    By its conduct alleged herein, RJA willfully and knowingly engaged in

unlawful employment practices under the Equal Pay Act.

43.    As a direct and proximate result of RJA unlawful conduct, Plaintiffs

suffered damages.

## COUNT IV

## RETALIATION IN VIOLATION THE EQUAL PAY ACT

44.    Plaintiffs reallege paragraphs 1 to 43 and incorporate them by reference as

paragraphs 1 to 43 of Count IV of this Complaint.

45.    The Equal Pay Act provisions of the Fair Labor Standards Act also forbids

employers from engaging in retaliatory conduct.

46.    Plaintiff complained of discrimination in unequal pay.

47.    By its conduct alleged here, RJA unlawfully retaliated against Plaintiff for

her complaints in violation of the anti-retaliation provisions of The Equal Pay Act.

9

FILED

48. The unlawful employment practices alleged herein were intentional and were performed by RJA with malice or reckless indifference to RJA's obligations under Title VII.

49. As a direct and proximate result of RJA's conduct, Plaintiff suffered damages.

## COUNT V

### RETALIATION IN VIOLATION THE FAMILY AND MEDICAL LEAVE ACT

50. Plaintiffs reallege paragraphs 1 to 49 and incorporate them by reference as paragraphs 1 to 49 of Count V of this Complaint.

51. The Family and Medical Leave Act ("FMLA" or "Act"), 29 USCS Section 2601, et seq, prohibits employers from engaging in retaliatory conduct against employees who exercise their rights under the Act.

52. Plaintiff periodically took time off from work for medical conditions as proscribed under the Act.

53. Plaintiff was subsequently put on probation, for reasons as cited by RJA management, due to her absences under the Act.

54. By its conduct alleged here, RJA unlawfully retaliated against Plaintiff for her complaints in violation of the anti-retaliation provisions of FMLA.

55. The unlawful employment practices alleged herein were intentional and were performed by RJA with malice or reckless indifference to RJA's obligations under The Family and Medical Leave Act.

56. As a direct and proximate result of RJA's conduct, Plaintiff suffered damages.

10

FILED

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court find in her favor
and against Defendant as follows:

a.    Enter an appropriate injunction compelling Defendant to cease and desist

from the wrongful practices herein alleged and hereafter established;

b.    Declare that Defendant's acts and conduct violate the anti-retaliation

provisions of Title VII, the Equal Pay Act provisions of the Fair Labor

Standards Act, and the Family and Medical Leave Act;

c.    Award Plaintiff the present value of all compensation and benefits lost and

all benefits she will lose in the future as a result of Defendant's unlawful

conduct;

d.    Award Plaintiff liquidated damages;

e.    Award Plaintiff prejudgment interest;

f.    Award Plaintiff reasonable attorneys' fees, costs and disbursements;

g.    Award Plaintiff such other relief as this Court deems just and proper.

11

FILED

## DEMAND FOR JURY TRIAL 46

Plaintiff hereby demands a jury trial as provided in Rule 38(a) of the Federal

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

Rules of Civil Procedure.

Respectfully submitted,

Kathy Dougherty-Fenn  – Pro Se Litigant

6781-31-Terr. North
St. Pete., FL  33710

Home # 727-343-1273
cell # 727-647-1606
Work # 727-567-3923

email: Kdougherty3@tampabay.rr.com

12