UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**KATHY DOUGHERTY-FENN,**

    **Plaintiff,**

v.                                                         Case No. 8:08-cv-1131-T-30TGW

**RAYMOND JAMES & ASSOCIATES,**

    **Defendant.**
_____/

## ORDER

    THIS CAUSE comes before the Court upon Defendant's Motion to Compel Arbitration and for Stay of Proceedings and Memorandum in Support Thereof (Dkt. #3), Plaintiff's Opposition to Motion to Compel Arbitration (Dkt. #9), Plaintiff's Notice of Pendency of Related Actions (Dkt. #6), and Defendant's Notice of Disagreement With Plaintiff's Notice of Pendency of Related Actions (Dkt. #10). The Court, having considered the motion, response, memoranda, complaint(s), and being otherwise advised in the premises, concludes that Defendant's motion should be granted.

    It is undisputed by the parties that Plaintiff's allegations fall directly within the scope of the Arbitration Agreement. Plaintiff contends, however, that her complaint should be consolidated with the *Beren* class action. Plaintiff argues that class action claims may not be arbitrated under NASD Code. Specifically, NASD Rule 13204 provides:

    (a) Class action claims may not be arbitrated under the Code.

> (b) Any claim that is based upon the same facts and law, and involves the same defendants as in a court-certified class action or a putative class action, or that is ordered by a court for class-wide arbitration at a forum not sponsored by a self-regulatory organization, shall not be arbitrated under the Code, unless the party bringing the claim files with NASD one of the following:
>
> * * *
>
> (c) The Director will refer to a panel any dispute as to whether a claim is part of a class action, unless a party asks the court hearing the class action to resolve the dispute within 10 days of receiving notice that the Director has decided to refer the dispute to a panel.

The Court reviewed the complaint in this action and the complaint in the *Beren* class action (styled *Beren et al v. Raymond James Financial, Inc et al*, Case No. 8:08-cv-00802) and determined the following: (1) a class has not yet been certified in the *Beren* action; (2) none of the plaintiffs in the *Beren* action hold the position that Plaintiff holds at Raymond James & Associates; (3) Plaintiff's claims herein are highly individualized; (4) Plaintiff alleges an individual FLMA retaliation claim that is not echoed in the *Beren* action; and (5) the *Beren* case contains numerous claims against several defendants that are not named in this action. Accordingly, based on Plaintiff's currently pled allegations and the allegations contained within the *Beren* action, the Court concludes that Plaintiff would not be a proper member of a purported class within the *Beren* action.[1]

For these reasons, Defendant's Motion to Compel Arbitration should be granted and these proceedings shall be stayed pending the outcome of arbitration.

---

[1] Notably, pursuant to NASD Rule 13204, the NASD Director will refer to a panel any dispute as to whether a claim is part of a class action, unless a party asks the court hearing the class action to resolve the dispute within 10 days of receiving notice that the Director has decided to refer the dispute to a panel. Thus, Plaintiff may have an opportunity to present her argument again to a NASD panel or the court hearing the *Beren* action.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant's Motion to Compel Arbitration and for Stay of Proceedings and Memorandum in Support Thereof (Dkt. #3) is **GRANTED**.

2. This case is **STAYED** until further order by the Court.

3. The parties are directed to arbitrate this action and to notify the Court when arbitration is completed.

4. The Clerk is directed to **ADMINISTRATIVELY CLOSE** this case.

**DONE** and **ORDERED** in Tampa, Florida on July 15, 2008.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2008\08-cv-1131.motion compel arbitr 3.wpd